IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PIOTR NOWAK                    :    CIVIL ACTION
                               :
         v.                    :
                               :
MAJOR LEAGUE SOCCER, LLC,      :
et al.                         :    NO. 14-3503


<u>MEMORANDUM</u>

McLaughlin, J.                          February 4, 2015

        This tortious interference with contractual relations
case arose when the plaintiff, Piotr Nowak, was terminated from
his position as the team manager of the Philadelphia Union
("PU"), a professional soccer team.  Nowak has sued Major League
Soccer, LLC ("MLS") and the Major League Soccer Players Union
("MLSPU") for tortious interference with contractual relations.
Nowak alleges that MLS and MLSPU demanded that PU terminate
Nowak's employment contract.

        MLSPU has moved to dismiss the claim asserted against
it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The Court
grants MLSPU's motion and dismisses the claim asserted against
MLSPU because it is preempted by the National Labor Relations
Act ("NLRA"), 29 U.S.C. §§ 151, <u>et seq.</u>[1]

---

[1]     Because the Court holds that Nowak's claim against MLSPU is
preempted by the NLRA, it does not decide whether Nowak has
stated a claim upon which relief can be granted.

I.   <u>Allegations in the Complaint</u>

        The plaintiff is a professional soccer coach.  PU is a professional soccer team that is part of MLS.  In June 2009, PU hired Nowak as the Team Manager.  In December 2011, PU named Nowak as its "Manager and Executive Vice President of Soccer Operations" and extended Nowak's contract through December 31, 2015.  On June 13, 2012, Nowak was notified orally that his employment would be terminated.  Complaint ¶¶ 9-10, 15-16.

        In a letter dated June 13, 2012, PU notified Nowak that his employment would be terminated for several reasons, including:  physical confrontations with players and officials; interfering with the rights of players to contact the players' union; subjecting players to inappropriate hazing activities; and engaging in behavior that put the health and safety of players at risk.  Nowak's complaint alleges that the reasons articulated in this letter were curable and pretextual.  Complaint ¶¶ 17-18, Ex. D.

        Nowak's termination was precipitated by an investigation demanded by MLSPU over a disputed training exercise.  The investigation was carried out by MLS, which issued a report.  Following this investigation, both MLSPU and MLS demanded that PU fire Nowak.  Nowak alleges that the termination of his employment contract with PU was caused by MLSPU and MLS.  Complaint ¶¶ 25, 27-30.

II.   Procedural History

        Nowak previously brought suit against PU in this
Court, seeking declaratory judgment regarding his termination.
Piotr Nowak v. Pennsylvania Professional Sports, LLC, et al.,
12-4165.  The Court compelled arbitration in that case.  It was
during discovery in that arbitration that Nowak learned of the
investigation ordered by MLSPU and carried out by MLS.

        Nowak has not served MLS in this case.  Fed. R. Civ.
P. 4(m) requires a district court, on motion or on its own after
notice to the plaintiff, to dismiss an action against a
defendant without prejudice if that defendant has not been
served within 120 days after the complaint is filed.  Rule 4(m)
also requires a district court to extend the time for service if
the plaintiff shows good cause for the failure to serve.

        Nowak filed his complaint in this case on June 12,
2014 – over 200 days ago.  Nowak has not filed an affidavit of
service for MLS, nor has he made any motion requesting the
Court's assistance in serving MLS.  The Court therefore gives
notice to Nowak that unless he makes a showing of good cause for
his failure to serve MLS, the Court will dismiss the claim
against MLS without prejudice.

III. <u>Legal Standard</u>

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case.  Rule 12(b)(1) motions are either facial or factual challenges.  <u>CNA v. United States</u>, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff.  <u>Id.</u> (citing <u>United States ex rel. Atkinson v. Pa. Shipbuilding Co.</u>, 473 F.3d 506, 514 (3d Cir. 2007)).  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  <u>Gould Elecs. Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).

By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself as to the existence of its very power to hear the case."  <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a factual attack, the court is not confined to the allegations of the complaint.  <u>Cestonaro v. United States</u>, 211 F.3d 749, 752 (3d Cir. 2000).  No presumption of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will

not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Mortensen</u>, 549 F.2d at 891.

MLSPU is not challenging the Court's subject matter jurisdiction "in fact," but rather brings a facial challenge by arguing that Nowak's claim is preempted by the NLRA.

IV.   <u>Discussion</u>

In what has become known as "<u>Garmon</u> preemption," state-law claims are presumptively preempted by the NLRA when they "concern conduct that is actually or arguably either protected or prohibited by the NLRA."   <u>Pennsylvania Nurses Ass'n</u> <u>v. Pennsylvania State Educ. Ass'n</u>, 90 F.3d 797, 801 (3d Cir. 1996); <u>see also</u> <u>San Diego Bldg. Trades Council, Millmen's Union,</u> <u>Local 2020 v. Garmon</u>, 359 U.S. 236, 244-46 (1959).   A party can show that a claim is arguably protected or prohibited by the NLRA by advancing "an interpretation of the Act that is not plainly contrary to its language and that has not been 'authoritatively rejected' by the courts or the Board."   <u>Int'l</u> <u>Longshoremen's Ass'n v. Davis</u>, 476 U.S. 380, 395 (1986).   <u>Garmon</u> preemption deprives a court of the subject matter jurisdiction necessary to adjudicate the claim.   <u>Id.</u> at 393.

There are two exceptions to <u>Garmon</u> preemption:   the state-law claim may escape preemption if "the behavior to be regulated is behavior that is of only peripheral concern to the

federal law or touches interests deeply rooted in local feeling and responsibility." Belknap, Inc. v. Hale, 463 U.S. 491, 498 (1983).  The state's interest in "controlling or remedying the effects of the conduct is balanced against both the interference with the [National Labor Relations] Board's ability to adjudicate controversies committed to it by the Act, and the risk that the state will sanction conduct that the Act protects." Id. at 498-99 (internal citations omitted).

    A.   Conduct Actually or Arguably Protected or Prohibited by the NLRA

Nowak's claim against MLSPU is subject to Garmon preemption if it concerns conduct that is actually or arguably either protected or prohibited by the NLRA.  MLSPU argues that Nowak's tortious interference claim concerns conduct protected by the NLRA:  a labor union complaining about a supervisor who put the health and safety of union members at risk.

THE NLRA provides that:

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities . . . .

29 U.S.C. § 157 (emphasis added).

6

MLSPU argues that when it demanded an investigation into a disputed training exercise used by Nowak and later demanded he be fired, MLSPU engaged in concerted activities for the purpose of mutual aid or protection.  This interpretation of the act is not contrary to the language of the act.  Several NLRB decisions lend support for the contention that this conduct is at least arguably protected by the NLRA.  See, e.g., Trompler, Inc., 335 NLRB 478 (2001); Senior Citizens Coordinating Council of Riverbay Cmty. Inc., 330 NLRB 1100 (2000); Dreis & Krump Mfg., Inc., 221 NLRB 309 (1975). Additionally, courts have found that the writing of letters and the simple voicing of complaints about supervisory personnel are protected conduct.  Local 926, Int'l Union of Operating Eng'rs v. Jones, 460 U.S. 669, 684 (1983).

Notably, Nowak does not argue that MLSPU's conduct was not protected under the NLRA.  Pl.'s Br. 5-7.  Rather, Nowak contends that this conduct was only peripherally related to the NLRA, and that the conduct touches interests deeply rooted in local feeling and responsibility.  In other words, Nowak claims that the exceptions to Garmon preemption should apply in this case.

B.    Exceptions to the General Preemption Rule

Nowak argues that the conduct at issue in this case is peripherally related to the NLRA because "Nowak was not a union employee, was not subject to any collective bargaining agreement [sic] is not alleging any labor law violation that is of concern to the NLRB."  Pl.'s Br. 8.

In Pennsylvania Nurses, the Third Circuit held that the conduct in that case was not of peripheral concern to the NLRA "because it involved the core activities with which the Act is concerned:  union organizing and the employees' election of an exclusive bargaining representative."  Pennsylvania Nurses, 90 F.3d at 803.  Similarly, the conduct in this case – MLSPU demanding an investigation over a disputed training exercise and demanding that Nowak be fired as a result of that investigation – involved a core activity with which the NLRA is concerned. Nowak does not dispute that such conduct was undertaken for the purpose of "mutual aid or protection" of MLSPU members.  29 U.S.C. § 157.

The fact that Nowak was not a union member and does not allege a labor law violation does not make MLSPU's conduct of peripheral concern to the NLRA.  Garmon preemption is concerned with "the conduct being regulated, not the formal description of governing legal standards."  Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of Am. v. Lockridge, 403

U.S. 274, 292 (1971).  Nowak's cause of action threatens to punish MLSPU for conduct that is arguably protected by the NLRA; this exception to Garmon preemption therefore does not apply. See Jones, 460 U.S. at 678 (preempting a state-court action brought by a supervisor for interference by a union with his contractual relationships with his employer).

Nowak also argues that the conduct "touches interests deeply rooted in local feeling and responsibility" because his claim is rooted in Pennsylvania tort and contract law, and does not relate to the NLRA or federal labor law.  Pl.'s Br. 11.

Although Pennsylvania does have an interest in regulating tortious conduct, that interest must be balanced with the "risk that the state will sanction conduct that the Act protects."  Belknap, 463 U.S. at 498-99.  There is a real risk in this case that, were it allowed to go forward, there would be a result inconsistent with the protection arguably afforded to MLSPU's conduct by the NLRA.

Furthermore, this exception has been applied when the conduct at issue is different from that which could be brought before the NLRB.  In Belknap, for example, the Supreme Court applied the exception where the conduct arguably protected or prohibited by the NLRA did not "have anything in common" with the plaintiffs' claims.  Belknap, 463 U.S. at 510.  Similarly, in Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of

Carpenters, 436 U.S. 180, 198 (1978), the Supreme Court allowed a trespass action to go forward because it did not implicate a question of federal law.  The plaintiff was not seeking to stop workers from picketing altogether (federally protected conduct); rather, the plaintiff simply wanted the workers to move their picketing off of company property.  Id.

Conduct protected by the NLRA will be directly implicated in this case should it be allowed to move forward. Nowak's claim is centrally founded on the fact that MLSPU asked for an investigation and demanded Nowak's termination – conduct that is arguably protected by the NLRA.  This case is therefore distinguishable from Supreme Court precedent applying the exceptions to preemption.  See Brown v. Hotel and Rest. Emp. and Bartenders Intern. Union Local 54, 468 U.S. 491, 503 (1984) (holding that when "state law regulates conduct that is actually protected by federal law . . . the federal law must prevail").

An appropriate order shall issue.